# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLEY G. BUSSARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-03263-CV-S-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Kelley Bussard seeks judicial review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq.*, and his application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Bussard alleges he became disabled as of December 20, 2004, and is therefore unable to engage in substantial gainful activity as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability and SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

**Discussion**

To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. 404.1520(a)-(f) and 416.920(a).

The administrative law judge ("ALJ") found that despite Plaintiff's impairments, Plaintiff was not disabled because he retained the residual functional capacity (RFC) to perform light and

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

sedentary work that exists in significant numbers in the national economy. Plaintiff, however, argues: (1) the ALJ improperly determined that he did not meet the requirements of listings §§ 12.02 and 12.06; (2) the ALJ failed to properly assess his credibility in accordance with the law; and (3) the ALJ's evaluation of the medical opinion evidence was not supported by substantial evidence on the record.

### A. Substantial Evidence on the Record Supports the Commissioner's Determination that Plaintiff does not Meet Listings §§ 12.02 and 12.06.

Plaintiff argues that the ALJ erred in finding that his conditions did not meet the requirements of disability under listings §§ 12.02 (organic mental disorders) and 12.06 (anxiety-related disorders). Plaintiff contends that in making this erroneous finding, the ALJ engaged in no meaningful discussion as to why he failed to find evidence that the frequent anxiety attacks Plaintiff suffers do not meet the requirements of §§ 12.02 or 12.06.

Under Section 12.06 Anxiety Related Disorders, an individual must possess at least one of the criteria under section (A) and two of the criteria under section (B) to qualify for the listing. Section A criteria include: recurrent severe panic attacks manifested by a sudden, unpredictable onset of intense apprehension, fear, terror, and sense of impending doom occurring on the average of at least once a week; recurrent obsessions or compulsions which are a source of marked distress; or recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress. 20 C.F.R. pt. 404, subpt. P, app.1, at § 12.06(A)(3)-(5).

Plaintiff maintains, based on medical findings, that he clearly meets these requirements. He also claims he meets the B criteria which require deficiencies in daily living, social functioning, concentration, persistence, or pace, and periods of decompensation of extended duration. 20 C.F.R. pt. 404, subpt. P, app.1, at § 12.00(C). He argues that the ALJ failed to

develop the record in relation to these impairments and failed to call a medical expert to testify as to whether the listing was met.

In considering whether Plaintiff's mental disorders met the listing requirements of §§ 12.02 or 12.06, the ALJ properly considered the B criteria which, absent a finding of complete inability to function outside one's home, require a showing that the mental impairment causes at least two of the following: (1) marked restriction in activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. pt 404, subpt. P, app.1 §§ 12.02, 12.04, and 12.06. After considering the evidence of record, the ALJ concluded that Plaintiff's mental impairments did not cause at least two *marked* limitations or one *marked* limitation with repeated episodes of decompensation. Rather, the ALJ found that Bussard's mental impairments resulted in *mild* restriction of daily living, *moderate* difficulties in maintaining social functioning, *moderate to marked* difficulty in concentration, persistence, or pace, and no episodes of decompensation of extended duration. These findings are consistent with evidence showing that Plaintiff is able to garden, care for pets, exercise, attend church regularly, visit friends, and accompany his wife on errands. In addition, it is consistent with Plaintiff's own reports that during his alleged period of disability, he was treated only once for a mood disorder and was discharged after only a few days with a stable mood.

With respect to Plaintiff's second contention that the ALJ failed to call a medical expert to testify as to whether he met the listing requirements, the court similarly finds no error. The burden of proof is on the plaintiff to establish that his impairment meets the requirements of a listing such that he qualifies as disabled under the Act. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). While ALJs may request medical opinions regarding whether an

impairment meets the requirements of a listed impairment, they are not required to do so. 20 C.F.R. §§ 404.1527(f)(2)(iii) and 416.927(f)(2)(iii). Here, Plaintiff fails to meet his burden of establishing that his impairments meet listings §§ 12.02 or 12.06.

Consequently, the Court finds there is substantial evidence on the record supporting the determination that Plaintiff does not meet listings §§ 12.02 or 12.06.

### B. The ALJ Properly Assessed Plaintiff's Credibility.

Plaintiff asserts that the ALJ did not properly apply the factors set forth in the Social Security regulations and *Polaski v. Heckler*. 739 F.2d 1320 (8th Cir. 1984). Particularly, Plaintiff argues that the ALJ did not acknowledge or examine the *Polaski* factors fully before discounting his subjective complaints of pain.

When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski,* 739 F.2d at 1322). Credibility determinations are generally the province of the ALJ, and courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Finch*, 547 F.3d at 935. Lack of objective medical evidence is not a sufficient basis on which to discount a claimant's subjective symptoms, but it is a factor to consider. *Polaski*, 739 F.2d at 1322.

In discounting Plaintiff's credibility, the ALJ relied on the inconsistencies between Plaintiff's assertions and the substantial evidence of record. For example, while Plaintiff testified that he rarely left the house due to his anxiety, treatment records and testimony indicate that Plaintiff went to church frequently. R. at 45, 237. In addition, Plaintiff reported that he is generally able to get out of the house on a daily basis and can occasionally go to stores and restaurants or socialize with family and friends. R. at 266. At one point Plaintiff also reported

5

that he had chronic and often immobilizing pain, stating that he could not carry a basket of laundry 30 feet without back pain. R. at 240, 468. However, other records indicate that he prepares, plants, and maintains a large garden. R. at 189 and 308. On one occasion, Plaintiff even told a physician that he planned to build a trailer after gardening season ended. R. at 240, 321. Plaintiff also represented in his disability report that he could not drive although he reported to his treating physician in 2007 that he was driving locally. R. at 320, 323.

The ALJ did not question whether Plaintiff experienced anxiety and back pain. After fully considering all of the evidence regarding Plaintiff's subjective complaints, however, including evidence of daily activities, work history, and observations of treating physicians, the ALJ found that Plaintiff did not provide sufficient evidence to confirm his assertions that he is unable to perform work in the national economy. Accordingly, the Court will defer to the ALJ's credibility assessment.

**C. The ALJ's Evaluation of Medical Opinion Evidence is Supported by Substantial Evidence of Record.**

Plaintiff argues that the ALJ erred in dismissing reports of Dr. Shifrin and Dr. Smith on an "arbitrary and artificial basis" and providing no explanation for disregarding Dr. Babin's and Dr. Harper's opinions. Plaintiff also asserts that the ALJ "ignores uncontradicted medical evidence" showing that Plaintiff is "totally disabled."

Under the Social Security Administration regulations, the opinions of treating physicians are entitled to greater deference than consultative opinions. 20 C.F.R. §§ 404.1527(d) and 416.927(d). Opinions of non-examining physician receive the least deference. *Id.* However, even though a treating physician's opinion is entitled to substantial weight, the opinion itself "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v.*

6

*Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). In fact, an ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

The ALJ's determination that Dr. Harper's opinion regarding Plaintiff's serious physical functional limitations is entitled to no weight is supported by substantial evidence on the record. Dr. Harper's opinion is inconsistent not only with other medical evidence of record but also with Dr. Harper's own treatment notes. R. at 478-86. For example, although Dr. Harper indicated that Plaintiff could not work in crowded or stressful environments, this conclusion is not supported by his own treatment records. *Id.* Furthermore, nothing in Dr. Harper's treatment notes indicates that Dr. Harper ever imposed functional restrictions on Plaintiff's activities due to any impairments. Rather his conclusory opinion appears to be based on Plaintiff's subjective complaints rather than objective medical evidence. When this occurs, an ALJ may give the medical opinion less weight. *Gonzales v. Barnhart*, 465 F.3d 890, 896 (8th Cir. 2006).

The ALJ's treatment of Dr. Babin's opinion is also supported by substantial evidence on the record. Although Dr. Babin treated Plaintiff throughout the period of time at issue, he never noted any functional restrictions in his treatment notes. Dr. Babin frequently reported that Plaintiff felt anxious and nervous, yet he still noted that he was doing well and that his functional limitations would not prevent him from doing unskilled work. R. at 330-31, 513-18. Dr. Babin also stated his belief that financial problems, not organic impairments, precipitate Plaintiff's anxiety. R. at 335, 338.

Similarly, the ALJ did not err in giving no weight to the opinions of Dr. Smith and Dr. Shifrin, examining physicians who met with Bussard for a single evaluative session, because like Dr. Harper, their opinions were based on subjective complaints rather than objective findings.

Dr. Smith, for example, diagnosed Plaintiff with cognitive disfunction and affective disorder but did not provide any documentation of the underlying medical condition supporting this diagnosis. In his evaluation, Dr. Shifrin observed that Plaintiff was appropriately-oriented, cooperative, and friendly, with adequate attention and concentration, yet he still opined that Plaintiff had a mental impairment that would preclude him from working. In addition, as non-treating physicians, the opinions of Dr. Smith and Dr. Shifrin are entitled to less deference than the opinion of a treating physician. 20 C.F.R. §§ 404.1527(d) and 416.927(d).

In contrast, the ALJ properly accorded weight to the decisions of Dr. Ash and Dr. Anderson who both reported that Plaintiff's functional restrictions would not prevent him from engaging in work. Dr. Ash, an orthopedic surgeon, diagnosed arthritis and disc disease but still found that Plaintiff could engage in light work. R. at 489-496. Dr. Anderson, a psychologist, noted some mental limitations but stated his belief that Plaintiff could still perform simple tasks. Because the opinions of Dr. Ash and Dr. Anderson were supported by other evidence in the record, this Court will not overturn the ALJ's decision to give these decisions significant weight.

**Conclusion**

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: September 6, 2011          /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT